UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fabio Rivera,<br><br>                                  Plaintiff,<br>     -v-<br><br>Golden Krust Caribbean Bakery Inc.,<br><br>                                  Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Fabio Rivera ("Plaintiff" or "Rivera"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Golden Krust Caribbean Bakery Inc. ("Defendant" or "Golden Krust"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable federal minimum wage rate for each hour he worked for Defendant in a week – Plaintiff was not paid for any hours he worked over forty in a week, and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid at a rate of at least 1.5 times the New York State Minimum wage rate for such hours over forty in a week, including under 12 NYCRR 146-1.4 ; (iii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable New York State minimum wage rate for each hour he worked for Defendant in

a week, including under 12 NYCRR 146-1.2 - Plaintiff was not paid for any hours he worked over forty in a week; (iv) entitled to an extra hour of pay for each day he worked a spread of hours/split shift of more than ten (10) hours pursuant to New York Minimum Wage Act and the regulations thereunder including 12 NYCRR 146-1.6, 12 NYCRR 146-3.9.; and (v) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, Golden Krust Bakery Inc. ("defendant" or "Golden Krust") was a New York for-profit corporation with a principal

2

place of business located at 3958 Park Avenue, Bronx, NY 10457.

## **STATEMENT OF FACTS**

9. At all times relevant herein, Defendant was engaged in the restaurant business in New York and several other states. See http://www.goldenkrustbakery.com/

10. At all times relevant herein, Defendant employed hundreds of employees.

11. Plaintiff was employed by Defendant from on or about November 14, 2012 to on or about June 22, 2015.

12. At all relevant times herein, Plaintiff was employed by Defendant as a delivery person for its restaurant business.

13. From on or about November 14, 2012 to in or around March 2015, Defendant paid Plaintiff a fixed amount of $1000 per week and Plaintiff was not paid *any* wages for his overtime hours worked (hours over 40 in a week).

14. From in or around March 2015 until Plaintiff's termination on or about June 22, 2015, Defendant paid Plaintiff at a fixed amount of $1050 a week and Plaintiff was not paid *any* wages for his overtime hours worked (hours over 40 in a week).

15. At all times relevant herein, Defendant was required to pay Plaintiff at an hourly rate for each hour worked pursuant to New York Labor Law including 12 NYCRR 146-2.5.

16. At all times relevant herein, Plaintiff worked 55-60 hours a week for Defendant and likely more; 5 days a week – Plaintiff sometimes worked a sixth day during the week which constitutes additional hours. Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

17. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day for each day during his employment with Defendant.

18. At all times relevant herein, Plaintiff worked a split shift exceeding one hour each day during his employment with Defendant.

19. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state the hours worked by Plaintiff nor rates of pay including overtime and spread of hours rates, among other deficiencies.

22. At all times relevant herein and for each week that Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for each and all hours worked in excess of forty hours in a week.

23. At all times relevant herein, and for each week that Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff at a rate of at least 1.5 times the NYS Minimum wage rate for hours worked in excess of forty in a week.

24. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff at least the applicable federal and New York State minimum wage rate for each hour worked in a week.

25. At all relevant times herein, Defendant had a wage policy where Defendant did not pay Plaintiff an extra hour of pay for each day he worked a daily spread of hours of more than 10 hours or a split in his shift of more than one hour as required by 12 NYCRR 146-1.6.

26. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business

operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

27. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the state of New York.

28. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the state of New York.

29. Upon information and belief and at all times relevant herein, Defendant purchased restaurant equipment and supplies from vendors outside the state of New York.

30. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

31. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime + Min. Wages)**

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

41. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

43. At all times relevant herein, Defendant failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

### Relief Demanded

44. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime and minimum wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime + Min. Wages + SOH)

45. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

47. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates: 1) not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week; and 2) not less than 1.5 times the New York State minimum wage rate for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR 146-1.4.

48. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR 146-1.2.

49. At all times relevant to this action, Plaintiff worked a spread of hours of more than ten (10) hours in a day for all days and a split in shift exceeding one hour each day but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law,§ 650 et seq., including 12 NYCRR 146-1.6., 12 NYCRR 146-3.9.

### Relief Demanded

50. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, minimum wages, spread of hours/split shift compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys'

fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

51. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 50 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

53. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages, including his unpaid overtime wages, minimum wages, and spread of hours/split shift wages, as required under NY Labor Law § 190 et seq.

54. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

55. At all times relevant herein, Defendant failed and willfully failed to provide plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

56. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages and non-overtime wages, minimum wages, spread of hours/split shift wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3),

reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages, minimum wages, and spread of hours/split shift wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR 146-1.4., 12 NYCRR 146-1.2, 12 NYCRR 146-1.6, 12 NYCRR 146-3.9. together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, and non-overtime wages, minimum wages, spread of hours/split shift wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

61. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

62. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
    **November 29, 2016**

Respectfully submitted,


Abdul Hassan Law Group, PLLC

<u>/s/ Abdul Hassan</u>_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com