UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FABIO RIVERA,                          :

                    Plaintiff,         :

        -against-                      :

GOLDEN KRUST CARIBBEAN BAKERY INC.,:

                    Defendant.         :

-----------------------------------X

16 Civ. 9219 (HPB)

OPINION
AND ORDER

PITMAN, United States Magistrate Judge:

        Plaintiffs commenced this action pursuant to the Fair

Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and

the New York Labor Law (the "NYLL") to recover allegedly unpaid

minimum wages, overtime pay and spread-of-hour pay.  Plaintiff

also asserts a claim to recover damages for defendant's alleged

failure to comply with certain notice requirements under the

NYLL.  The matter is currently before me on the parties' joint

application to approve a settlement that they reached during a

settlement conference held on July 17, 2017 over which I

presided.  The parties have consented to my exercising plenary

jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff was employed as a delivery person for

defendant's restaurant business beginning on November 14, 2014

through June 22, 2015.  Plaintiff alleges that he was paid at a

fixed weekly rate of $1,000.00 from November 14, 2014 until

approximately March 2015, and $1,050.00 from March 2015 until

June 22, 2015.   Plaintiff claims that he regularly worked between

55 and 60 hours per week, but never received any overtime pay.

Plaintiff alleges that he is entitled to $101,365.75 in unpaid

minimum wages, overtime pay and spread-of-hour pay, exclusive of

liquidated damages and interest.

         Defendant denies all of plaintiff's allegations.

Defendant claims that plaintiff is exempt from the FLSA's minimum

wage and overtime requirements because he is subject to the

"motor carrier exemption."   See 29 U.S.C. § 213(b)(1); 40 U.S.C.

§ 31502(b)(2).   "[F]or the motor carrier exemption from the FLSA

to apply, defendants here must establish either that the

activities of the [plaintiff] involved interstate travel of a

character that was more than de minimis or that interstate travel

was a natural, integral and . . . inseparable part of the

position plaintiffs held."   Dauphin v. Chestnut Ridge Transp.,

Inc., 544 F. Supp. 2d 266, 275 (S.D.N.Y. 2008) (Stein, D.J.)

(internal citation & quotations omitted; alterations in

original). Defendant argues that plaintiff is subject to the

exemption because he was employed as a truck driver and his

duties included carrying goods across state lines.   For example,

defendant asserts that plaintiff traveled from defendant's place

2

of business in Queens, New York to make deliveries in Virginia and Ohio, on separate occasions.  Accordingly, defendants argue that the FLSA does not apply to plaintiff.  Defendants claim to have kept records of plaintiff's interstate travel.

The parties have agreed to a total settlement amount of $50,000.00.  The parties have also agreed that plaintiff's counsel will receive one-third, or $16,666.66 for attorney's fees.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the courts hould approve the settlement."  Id. (Citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Lliquichuzhca v. Cinema 60 LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted).  In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,

United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, after deduction of legal fees and expenses, the settlement represents approximately 32.8% of plaintiff's allegedly unpaid wages, overtime pay and spread-of-hour pay, exclusive of liquidated damages, interest and penalties from alleged statutory violations. Defendant argues that plaintiff is entitled to neither minimum wage nor overtime pay under the FLSA because he is subject to the motor carrier exemption. Moreover, defendant apparently kept records that supports this contention. As discussed in more detail below, given the risk this issue presents, plaintiff's settlement is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. Trial preparation would require

4

depositions to explore the amount of wages paid to and hours worked by plaintiff, as well as the applicability of the motor carrier exemption in this case.  The settlement obviates the necessity of conducting these depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation.  Defendant claims that plaintiff was employed as a truck driver and delivered defendant's goods across state lines.  Accordingly, defendant argues that plaintiff is exempt from the requirements of the FLSA pursuant to the motor carrier exemption.  Defendant maintains that it has documentation showing that plaintiff traveled in interstate commerce to make deliveries on behalf of defendant in his capacity as an employee, including trips to Virginia and Ohio.  Given the documentary evidence, it is uncertain whether, or how much, plaintiff would recover at trial.  See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc.

No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).               Fourth, because I presided over the settlement conference during which the plaintiff accepted the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

          Fifth, there are no factors here that suggest the existence of fraud. The possibility of fraud is further negated by the fact that plaintiff agreed to the settlement at the end of the settlement conference.

          The parties also agreed to a general mutual release. A general mutual release is permissible where, as here, a plaintiff is no longer employed by the defendant and the release has been negotiated by competent counsel for both sides, because it "ensure[s] that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at

6

*2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.), citing Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, D.J.).  Moreover, Judges in this District typically approve settlements containing general releases that are truly mutual, finding that such releases are consistent with the primary remedial purpose of the FLSA.  See Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015) (concluding that the "primary remedial purpose" of the FLSA is "to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees"), cert. denied, 136 S.Ct. 824 (2016); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2 (approving a settlement containing a release that "provides for both waiver of claims against Defendants and a waiver of claims against Plaintiffs, [thus] assuaging concerns that the waiver unfairly benefits only Defendants").

Finally, one-third of the settlement fund will be paid to plaintiff's counsel as contingency fees.  Contingency fees of one-third in FLSA cases are routinely approved in this Circuit.  Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in

7

extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangelv. 639 Grand St. Meat & Produce Corp, No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v.Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*Trade Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the action is dismissed with prejudice and without costs.  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:     New York, New York
           November 1, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

9